**MOSS et al. v. RISHWORTH.**
(No. 132–3025.)

(Commission of Appeals of Texas, Section A. June 2, 1920.)

1. **Appeal and error** &⟶1094(1)—**Conclusion of Court of Civil Appeals on facts will not be disturbed.**

Where the Court of Civil Appeals reversed and remanded a judgment on the theory that the verdict was unauthorized by the evidence, its conclusion on the facts will not be disturbed on writ of error.

2. **Physicians and surgeons** &⟶12—**Before operating, physician must obtain consent of patient or one authorized to give consent.**

Before performing an operation, a physician must obtain the consent of his patient if competent to give it, or, if not, of some one under the circumstances who would legally be authorized to give the requisite consent, though, of course, if a person be injured to the extent that he is unconscious and his injuries require prompt surgical attention, a physician may be justified in applying such treatment as is reasonably necessary for the preservation of life or limb, and consent will be implied.

3. **Parent and child** &⟶12—**Sister having temporary custody of minor does not have authority to give consent to operation.**

The sister of a minor who was intrusted with the child's temporary custody does not have authority to give consent to an operation, but only the father of the child may give consent.

4. **Death** &⟶15—**Unauthorized surgical operation held actionable.**

Where surgeons operated on a child without authority, so that it amounted to a technical assault for which the child could have recovered had she survived, the parent has a cause of action under Rev. St. 1911, § 4695, giving an action for death resulting from injuries where the injured· person could have maintained an action if death had not ensued, and it is not dependent on the extent of the injury to the minor child.

5. **Physicians and surgeons** &⟶12—**Operation performed without consent of minor's parent not justified because necessary.**

·Where surgeons, without obtaining the consent of a minor's parents, but with the consent of the sister of the child in whose custody she temporarily was, operated on the child for diseased tonsils, the failure to obtain the parents' consent cannot be justified on the ground that the operation was necessary, and that if the tonsils were not removed serious results might have followed; it not appearing that there was any emergency.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by William H. Rishworth against Robert E. Moss and another. Judgment for defendants was on plaintiffs' appeal revers-. ed and remanded by the Court of ·Civil Appeals (191 S. W. 843), and defendants bring error. Judgment of Court of Civil Appeals affirmed.

See, also, 159 S. W. 122.

H. C. Carter, Champe G. Carter, Randolph L. Carter, and Perry J. Lewis, all of San Antonio, for plaintiffs in error.

Leo Tarleton and Ryan & Matlock, all of San Antonio, for defendant in error.

SPENCER, J. Defendant in error, William H. Rishworth, sued plaintiffs in error, Robert E. Moss and Lewis K. Beck, for performing an operation upon his eleven year

old child, Imogene, alleging that the operation, which resulted in the death of the child, was performed without his consent.

Imogene lived with her parents at Center Point, 60 miles distant from San Antonio. On May 8, 1910, the father placed her in the immediate care and custody of her adult sister, Clara, and permitted her to go with her to San Antonio. Clara, who had had three years' experience in training to become a graduate nurse, took Imogene to Dr. Moss, stating to him that she had brought her down to have her examined to ascertain whether an operation was needed for the removal of adenoids, explaining that the child had difficulty in breathing and was subject to attacks of rheumatism. An examination by Dr. Moss disclosed badly diseased tonsils and the appearance of adenoids, and he informed them that a real necessity existed for an operation to remove the diseased tonsils and adenoids.

Having agreed upon a date for the operation, Imogene returned with Clara and another sister, Nellie, who had had two years' training as a nurse. After an examination of the heart, an anesthetic was administered, and the tonsils and adenoids removed; but, before coming from under the influence of the anesthetic, the child died.

Defendant in error by amended pleading abandoned all allegations of negligence and unskillfulness, and relied for recovery solely upon the ground that the operation was without his consent. The court instructed the jury that if plaintiffs in error, without the consent of the parents, operated upon the child, using an anesthetic, and that she died as the result of the operation or the effect of the chloroform or both, to find for the defendant in error, without regard to any question of negligence or unskillfulness.

The jury returned a verdict for the plaintiffs in error, and a judgment was rendered in their favor. Upon appeal the Court of Civil Appeals held that the plaintiffs in error failed to show that the adult daughters or either of them had any authority, expressed or implied, to have the operation performed upon the minor sister. The court also held that, as the child, on account of her minority, could not, and the parents did not, give consent, had she survived the operation, she would have had a cause of action as for a technical assault and battery, and that therefore the parents, in virtue of article 4695, R. S. 1911, have a cause of action. 191 S. W. 843. The writ was granted upon application referred to the Committee of Judges.

[1] The Court of Civil Appeals in the exercise of its power having reversed and remanded the judgment of the trial court upon the theory that the verdict in favor of plaintiffs in error was unauthorized by the evidence, its conclusion on the facts will not be disturbed, nor will its judgment be reversed, unless it has committed errors of sub-stantive law rendering its conclusion on the facts immaterial.

[2] This leads us to consider whether the sisters as temporary custodians of the child had the right to give consent to the operation; or whether the physicians' act in performing it was justified, regardless of the parent's consent, upon the ground that the paramount interest of the child demanded the operation. The authorities are unanimous in holding that a surgeon is liable for operating upon a patient, unless he obtains the consent of the patient, if competent to give such consent, or, if not, of some one who, under the circumstances, would be legally authorized to give the requisite consent. If a person should be injured to the extent that he is unconscious, and his injuries of such nature as to require prompt surgical attention, a physician called to attend would be justified in applying such treatment as might reasonably be necessary for the preservation of his life or limb, and consent on the part of the injured person would be implied upon the ground of an existing emergency. Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L. R. A. (N. S.) 439, 111 Am. St. Rep. 462, 5 Ann. Cas. 303; Pratt v. Davis, 224 Ill. 300, 79 N. E. 562, 7 L. R. A. (N. S.) 609, 8 Ann. Cas. 197; Rolater v. Strain, 39 Okl. 572, 137 Pac. 96, 50 L. R. A. (N. S.) 880; Schloendorff v. Society of New York Hospital, 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. (N. S.) 505, Ann. Cas. 1915C, 581.

[3-5] The evidence is to the effect that the germs, seeping from the diseased parts, and carried by means of the circulation of the blood, permeate and poison the system, and unless arrested by an operation such as was had in this case will eventually undermine the whole constitution and result in death. The evidence shows that there was an absolute necessity for a prompt operation, but not emergent in the sense that death would likely result immediately upon failure to perform it. In fact, it is not contended that any real danger would have resulted to the child had time been taken to consult the parent with reference to the operation. Therefore the operation was not justified upon the ground that an emergency existed.

The physicians, acting in good faith, in assuming the sisters had authority to give consent, undertook to perform the operation, and, although the operation was skillfully performed and without negligence, death ensued, either as the result of the operation or of administering the anesthetic, or both. The sisters were but the temporary custodians of the child, and as such temporary custodians had no authority to give consent to perform the operation in the absence of an emergency. The parent was the only one who could legally give consent to perform it, and, if not given, the physicians' act in performing it was a legal wrong. If performed without the consent of the parent, it would amount to

a technical assault for which the child could have recovered had she survived the operation, and it follows that, under article 4695, the cause of action would survive to the defendant in error, not dependent, however, upon the extent of the injuries to the minor child.

It is insisted that the paramount interest of the child alone must be considered in determining whether such an operation shall be performed, and that if ʰ · health demanded an operation, and that, if skillfully performed, no cause of action would arise, even though it resulted disastrously. The law wisely reposes in the parent the care and custody of the minor child, and neither a physician nor those in temporary custody of the child will be permitted, in a case of this character, to determine those matters touching its welfare.

We recommend, therefore, that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.