

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 10, 1958

Honorable Raymond Vowell
Executive Director
Board for Texas State Hospitals
  and Special Schools
Austin, Texas

Opinion No. WW-498

Re: Under given circumstances,
    can a surgeon operate on
    a patient of the East
    Texas Tuberculosis Hospital
    and give necessary blood
    transfusions when said
    patient's mother refuses
    to give consent to the
    transfusions, and related

Dear Mr. Vowell:

question.

In your letter of August 1, 1958, you state as follows:

> "We have a patient at our East Texas
> Tuberculosis Hospital, Miss Joyce Young,
> a colored female, age 18, who is in need
> of surgery. Her mother, who is a member
> of the Sect of Jehovah Witnesses, has
> given her consent to the performance of
> surgery but in a separate letter has re-
> fused her consent to the use of blood
> transfusions during the operation. Our
> surgeon in his own judgment cannot per-
> form the surgery unless he could use
> blood for transfusion in case it became
> necessary. We call your attention to the
> provisions of Article 3174b-2, V. C. S.,
> which is pertinent to this subject.

> "Your opinion with respect to the fol-
> lowing questions is respectfully requested:

> "1. Under these facts, may we perform
> the surgery using blood transfusions if
> necessary?

"2.   Could we in a similar case perform medically recognized surgery on a patient in one of our hospitals where the responsible relative or guardian refuses to consent to the performance of any surgery?"

There is no statutory provision, as such, prohibiting a doctor from operating on a minor without the consent of the parent.  The prohibition comes from the operation being a technical assault on the minor, for which the doctor is liable for damages as a matter of law and such damages are not "dependent upon the extent of the injuries to the minor child." Moss v. Rishworth, 222 S.W. 225, (Comm. App. 1920).

Therefore, if the surgeon, under the circumstances of this request, performs the operation he will find himself in this position:  (1)  if blood transfusion becomes necessary and the doctor gives such blood transfusion, he has violated the consent of the parent and has performed an operation on a minor without consent of the parent and has committed technical assault for which he is liable for damages as a matter of law; (2)  if blood transfusion becomes necessary and he fails to give blood transfusion, and injuries or death result therefrom, he is liable for the reason of such negligence.

Thus, it is our opinion that the conditional consent of the parent in the instant case amounts to no consent at all.  The surgeon will become liable for technical assault if the operation is performed. Therefore, unless your surgeon is willing to assume liability for technical assault, the answer to both of your questions must be "no".

In the Article you refer to, Article 3174b-2, the Legislature provided for two exceptions to the consent rule mentioned above.  One of the exceptions pertains to cases where there is no immediate reply to a request for the necessary consent, and the other exception pertains to those cases where there is no guardian or responsible relative to whom request for consent can be made.  Neither of these exceptions is applicable to the facts of the instant case.

## SUMMARY

A surgeon employed by the Board for
Texas State Hospitals and Special
Schools may not operate on or give
blood transfusions to a child where
the parent has refused to consent to
the same  without incurring the pos-
sibility of civil liability.

Sincerely,

WILL WILSON
Attorney General of Texas

By

Jay Howell
Assistant

JH:ci:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

John Reeves

Raymond V. Lofton, Jr.

John B. Webster

REVIEWED FOR THE ATTORNEY GENERAL

BY:  J. C. Davis, Jr.