

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 24, 1975

The Honorable Kenneth Gaver, M. D.            Opinion No. H- 646
Commissioner, Texas Department
of Mental Health and Mental Retardation       Re:     Medical treatment of
Box 12668, Capitol Station                            voluntarily admitted
Austin, Texas 78711                                   patients at state schools
                                                      for the mentally retarded.

Dear Dr. Gaver:

The parents of two mentally retarded children have applied for the
voluntary admission of the children to a state school for the mentally retarded,
but, due to the parents' religious beliefs, they do not want the children to
receive a blood transfusion for any reason while under the jurisdiction of
the state school. In light of this situation you ask our opinion with respect
to the following questions:

> 1. Is the State school for the mentally retarded
> required to admit these minor children in the event
> their parents withhold consent for blood transfusions
> to be administered to their children while under the
> jurisdiction of the State school?
>
> 2. Does the State school for the mentally retarded
> have the authority to give the parents the assurance that
> their children will under no circumstances be subjected
> to a blood transfusion while under the jurisdiction of
> the State school?
>
> 3. If these two children are admitted to the State
> school for the mentally retarded and their parents
> withhold their consent to a blood transfusion for
> their children, what course of action should the State
> school take if the children's health or life is threatened
> for failure to have a blood transfusion?

Section 9 of the Mentally Retarded Persons Act, article 3871b, V. T. C.S.,
provides an administrative procedure by which a person may be voluntarily
admitted to a State school.  Section 10 provides:

> In determining the order in which eligible persons
> are admitted to its available facilities the Board
> shall consider the following factors:
>
> (1)  The relative need of the person for special
> training, education, supervision, treatment, care
> or control;
> (2)  The impact of the person upon the com-
> munity; and
> (3)  The ability of the person's family to assimi-
> late him effectively into family life.
>
> The provisions of this section shall apply to both
> judicial and administrative admissions under this Act.

Section 2 provides:

> It is the purpose of this Act to afford mentally
> retarded Texas citizens an  opportunity to develop
> to the fullest practicable extent their respective
> mental capacities.

In light of the declared purpose of the Act, a parent's prospective refusal
to consent to blood transfusions in our opinion may not alone provide a
basis for denying admission to a child who is in need of special training.
We do not consider the situation where the parents' actions would interfere
with the school's assistance of mentally retarded children in the develop-
ment of their mental capacities.

Your second question is whether the State school may give assurances
that no blood transfusions will be performed on a particular student.
Article 3174b-2 provides in part:

> The [Texas Department of Mental Health and
> Mental Retardation], directly or through its
> authorized agent or agents, shall provide or
> perform recognized medical treatment or
> services to persons admitted or committed
> to its care. Where the consent of any person
> or guardian is considered necessary, and
> is requested, and such person or guardian
> shall fail to immediately reply thereto, the
> performance or provision for the treatment
> or services shall be ordered by the super-
> intendent upon the advice and consent of three
> (3) medical doctors, at least one of whom must
> principally be engaged in the private practice
> of medicine. Where there is no guardian or
> responsible relative to whom request can be
> made, treatment and operation shall be per-
> formed on the advice and consent of three (3)
> physicians licensed by the State Board of
> Medical Examiners.

Relying upon this article, Attorney General Opinion M-152 (1967) held that the Department had the duty to provide necessary medical treatment to persons within its jurisdiction. That a blood transfusion is in some instances a "recognized medical treatment" is beyond doubt. Accordingly, in our opinion a State school may not give assurance that under no circumstances will the children be subjected to a blood transfusion.

Your third question concerns the proper course of action in a situation where a blood transfusion is thought to be necessary to protect the health or life of a child and his parents refuse consent. In such a situation the parents may seek to remove the child from the school. V.T.C.S., art. 3871b, sec. 9(b). However, under this provision the superintendent may file an application for judicial admission if the medical treatment is of such necessity that the child "can not be discharged with safety to himself." In this manner the school may retain jurisdiction of the child in order to provide necessary medical treatment.

Except as otherwise provided by judicial order, the parents of a child are given the power to consent to medical treatment for their minor child.

Family Code, sec. 12.04(6); See Moss v. Rishworth, 222 S.W. 225 (Tex. Comm. 1920). In some instances the Department may obtain consent pursuant to article 3174b-2, supra. While the summary in Attorney General Opinion M-152 contains language which would allow the Department as a general matter to provide treatment without obtaining consent from a parent or guardian, the body of that opinion limits such authority to those instances where article 3174b-2 is complied with. In our opinion the summary is incorrect and is not in accordance with the unambiguous words of the statute.

Consequently, the procedure contained in article 3174b-2 is available only when either there is no parent or guardian or the consent of the parent or guardian is requested and there is no immediate reply; this procedure may not be utilized where there is an immediate negative reply. The State school must therefore obtain a judicial order which either provides the necessary consent or permits consent to be given by a person other than a parent.

As an agency of the State the Department of Mental Health and Mental Retardation may bring a Suit Affecting the Parent Child Relationship. Family Code, sec. 11.03. A court could order the performance of the medical treatment as a "temporary order for the safety and welfare of the child." Family Code, sec. 11.11(a). In the alternative, the court could appoint a temporary possessory conservator, section 11.11(a)(1), who could be empowered to consent to the medical treatment. Family Code, sec. 14.04(3).

## SUMMARY

The State school for the mentally retarded may not refuse admission to a child solely on the basis of a prospective refusal of the parents to consent to a blood transfusion. The State school may not give assurances that a blood transfusion will not be performed under any circumstances. In the event a blood transfusion

is considered necessary to preserve the health or life of a student in the State school and the student's parents refuse consent, the consent of a district court or a person authorized by a district court to give consent must be obtained prior to performing the transfusion.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee