## TABOR et al. v. SCOBEE.

Court of Appeals of Kentucky.
Dec. 6, 1951.

As Modified on Denial of Rehearing
Dec. 19, 1952.

Further Rehearing Denied Feb. 20, 1953.

Clem F. Kelly, John M. Kelly and J. A. Edge, all of Lexington, for appellant.

Harbison, Kessinger, Lisle & Bush, Lexington, L. R. Curtis, Louisville, R. Russell Grant, Winchester, for appellee.

MILLIKEN, Justice.

Macine Tabor, a minor twenty years of age, submitted to an operation for appendicitis by the appellee, Dr. R. H. Scobee.

During the operation the surgeon discovered that his patient's Fallopian tubes were full of pus, swollen and sealed at both ends. Unable to obtain the consent of his patient to their removal because of her anesthesia and not obtaining the consent of his patient's stepmother, who apparently was in the hospital at the time, the surgeon proceeded to remove the tubes on the theory that they would have had to come out "within six months anyway if I was not mistaken." He feared the swollen tubes would break and cause peritonitis. From a medical standpoint his decision was approved by the testimony of his professional colleagues who believed the patient was permanently sterile before the operation if the tubes were sealed at both ends.

Faced with their removal without her consent and the destruction of any hope she might have of bearing children, the patient sued the surgeon for his unauthorized act, and the jury rendered a verdict for the surgeon. We are urged to reverse the judgment because the instructions given the jury by the court were, it is asserted, not an accurate statement of the law of the case.

This is a case of first impression in Kentucky, and the effect of its decision will not be confined to the litigants. We believe the general rule of law was well stated for this type of case by Justice Cardozo in Schloendorff v. Society of N. Y. Hospital, 211 N.Y. 125, 105 N.E. 92, 93, 52 L.R.A., N.S. 505, Ann.Cas.1915C, 581, when he said: "In the case at hand, the wrong complained of is not merely negligence. It is trespass. Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent commits an assault, for which he is liable in damages * * *. This is true, except in cases of emergency where the patient is unconscious, and where it is necessary to operate before consent can be obtained." See, also, 70 C.J.S., Physicians and Surgeons, § 48, page 967.

Where a minor is the patient, the rule is stated as follows in 70 C.J.S., Physicians and Surgeons, § 48(2): "In case of

an emergency a surgeon may operate on a child without waiting for authority from the parents or person standing in loco parentis where it appears impracticable to secure it, but in the absence of an emergency an operation performed on a child without the consent of the parents or person standing in loco parentis is a legal wrong. * * Where an operation without prolonged delay appears to the physician to be necessary, only a reasonable and diligent effort on the part of the physician to find the parents and advise them of the situation has been required."

The pertinent sections of the Restatement of the Law of Torts are Section 54, stating that the consent must be to an invasion of the person substantially similar to the one actually made; and Section 62, which states the rule where consent is not necessary as in the case of accidents and other emergencies.

With this general statement of the law in mind, are the following instructions given by the court a correct statement of the law to be applied in this case?

"Instruction No. I. If the jury believes from the evidence that the defendant, Dr. R. H. Scobee, removed the Fallopian tubes of the plaintiff, Macine Tabor, without the consent of the patient or the consent of Mrs. Leonard Lee Tabor, the person having charge of her, you shall find for the plaintiff, unless you so believe as set out in Instruction No. 2.

"Instruction No. II. The Court instructs the jury that the defendant, Dr. R. H. Scobee, was expressly authorized to operate on the patient, Macine Tabor, for appendicitis; and if the jury believes from the evidence that in the course of such operation that Dr. Scobee discovered that her Fallopian tubes were in a diseased condition and that in his judgment in the exercise of ordinary care and skill as defined in these instructions, such condition if not removed would have endangered plaintiff's life and health; then Dr. R. H. Scobee was justified in removing the diseased tubes, even though no expressed consent was obtained or given, and the law is for the defendant, and the jury will so find."

The appellant contends that if Instruction II were an accurate statement of the law, the surgeon could remove the tubes without the consent of either the patient or her stepmother and even though an emergency did not exist if "in his judgment, in the exercise of ordinary care and skill * * * such a condition if not removed would have endangered plaintiff's life and health." The drafting of this instruction undoubtedly was influenced by consideration of a surgeon's plight in the urgency of an emergency where assurance of immunity from liability is essential in order not to deter him from rendering necessary services such as often are needed in accident cases. But the law rightfully requires the consent of the patient or one in loco parentis whenever it is possible to obtain it in time. Instruction No. II authorized the removal of the tubes without considering whether it was practicable for the surgeon to obtain the stepmother's consent. Furthermore, the instruction does not impress upon the jury that the emergency must exist at the time of the operation. The wording of the instruction is so broad the jury could reasonably infer that the diseased tubes would only have to endanger the patient's health or life sometime in the future. The instruction also injects into the case the negligence concept of ordinary care and skill when the action does not involve either the professional judgment or surgical skill of the physician, thus differing from the usual malpractice action. We agree with the appellant that the instruction as given is so misleading that it is necessary for us to reverse the judgment and remand the case for a new trial.

The evidence offered does not justify the conclusion as a matter of law that there existed an emergency of such immediate urgency as to justify the removal of the tubes without the consent of the patient or her stepmother. The evidence indicated that removal of the tubes probably would be necessary soon, that their remaining in the body in their swollen and infected condition was dangerous, but it did not establish that their removal was an emergency in the sense that death would likely ensue immediately if the tubes were not removed.

Moss v. Rishworth, Tex.Com.App., 222 S. W. 225. Although delay in their removal might have proved harmful, even fatal, there still was time to give the parent and the patient the opportunity to weigh the fateful question. Had she been operated upon originally for the removal of her Fallopian tubes and the surgeon also removed an inflamed appendix without her consent during the operation, we would be inclined to agree with the decision of the New Jersey Court in Barnett v. Bachrach, D.C. Mun.App., 34 A.2d 626, that consent to the removal of the appendix was implied, on the ground there given—that the appendix was generally considered by scientists to be of no utility and a danger or potential danger. For cases adhering to the general rule that consent to the operation must be had unless an emergency exists, see Wells v. Van Nort, 100 Ohio St. 101, 125 N.E. 910; Mohr v. Williams, 95 Minn. 261, 104 N.W. 12, 1 L.R. A.,N.S., 439; Pratt v. Davis, 224 Ill. 300, 79 N.E. 562, 7 L.R.A.,N.S., 609. For cases where consent was deemed implied in order to meet an emergency, see Luka v. Lowrie, 171 Mich. 122, 136 N.W. 1106; 41 L.R.A., N.S., 290; Sullivan v. Montgomery, 155 Misc. 448, 279 N.Y.S. 575; Browning v. Hoffman, 90 W.Va. 568, 111 S.E. 492.

In the event of another trial instructions substantially like the following should be given providing, of course, the testimony offered is substantially the same. They are:

"Instruction 'A'. The court instructs the jury that Dr. Scobee was expressly authorized to operate on the plaintiff, Macine Tabor, for appendicitis, but that he was not expressly authorized to remove her Fallopian tubes and you shall find for the plaintiff, Macine Tabor, for the unauthorized removal of her Fallopian tubes under Instruction 'B' unless you believe from the evidence that their condition was such that it would have endangered her life or her health to have let them stay in either because they might immediately have ruptured or because a separate or later operation for their removal might unduly have endangered her life or her health and it was impracticable at the time for Dr.

Scobee to obtain the consent of either Macine Tabor or her stepmother, Mrs. Tabor, before the removal of the tubes, in which event you will find for the defendant, Dr. Scobee.

"Instruction 'B'. If the jury find for the plaintiff, Macine Tabor, under Instruction 'A', you will find such sum as will fairly compensate Macine Tabor for her physical pain and mental suffering or anguish, if any, which you may believe she has endured or will endure by reason of the removal of her Fallopian tubes without her consent or the consent of her stepmother, Mrs. Tabor, not to exceed, however, the sum of $25,000 prayed for in the petition."

The judgment is reversed and the case remanded for proceedings consistent with this opinion.