**Barbara M. LORING, Adm'x of the Estate of James F. Dorey**

v.

**UNITED AIR LINES, Inc.**

Civ. A. No. 56–276.

United States District Court
D. Massachusetts.

Sept. 13, 1956.

Cornelius F. Dineen, Willis A. Downs, Brockton, Mass., for plaintiff.

Thomas H. Mahony, Boston, Mass., for defendant.

ALDRICH, District Judge.

Plaintiff's intestate was killed by an explosion in mid-air of a plane operated by the defendant. From plaintiff's answers to defendant's requests for admission of fact already filed it appears that the plane was on a regular scheduled passenger flight; that plaintiff's intestate was one of the passengers; that one John G. Graham, with intent to procure the death of another passenger, previous to her going to the air field secreted among her clothes in her suitcase an explosive device timed so as to operate while the plane was in the air; that this suitcase was placed in the cargo area of the plane, and duly exploded, killing everyone in the plane.

Defendant's request No. 6 is as follows:

"That the said dynamite, caps, battery and timing apparatus were so concealed in the said suitcase that they were not known or apparent to or discoverable by any other person than the said John G. Graham prior to the said explosion."

To this plaintiff answered:

"6. The plaintiff declines to admit the request for admission of facts contained in Paragraph 6, and

objects to said request on grounds that said request calls for a conclusion both of law and of fact and is not a request for an admission of fact."

Plaintiff asks the court to rule on her objection.

■ Defendant asserts at the outset that this is not the type of objection that should be ruled upon in advance. With this I disagree. If plaintiff's objection is insufficient, she stands the risk of finding herself faced with the basic admission at the trial; if it is adequate, the defendant will find at the trial that it has no admission. I believe the most satisfactory use of Rule 36, Fed.Rules Civ. Proc. 28 U.S.C.A. will be achieved if all questions admitting of doubt are resolved, if possible, in advance of trial. The case of Momand v. Paramount Pictures Distributing Co., D.C.D.Mass., 36 F.Supp. 568, cited by defendant, was an improvident limitation. The rule has since been amended, and I construe the amendment broadly.

■ At the same time, I construe the obligation to answer broadly. Plaintiff, properly, does not claim that the instant request need not be answered because it calls for information beyond her present knowledge. Her position is that it calls for the ultimate conclusion to be decided by the jury, the gravamen of her case being that the defendant should have discovered the explosive device. It seems to me that there are two answers to her position. The first is that her objection does not go to the entire request, because even if plaintiff should not have to answer whether the device was "discoverable," this objection does not apply to the matter of whether its existence was known to the defendant. Under the Rule the request should have been answered at least in part. However, I do not believe plaintiff's objection has even limited merit. If the inquiry had been whether the device was "reasonably discoverable" a question of whether this was "fact" within the meaning of the Rule would be

presented. But, presumably, it was "discoverable," as, for example, if defendant had had a practice of searching every suitcase before accepting it. Whether such a practice should have been adopted is another matter.

Plaintiff is apprehensive that her reply to this request will expose her to liability for costs under Rule 37(c). That question is premature. Her objection is overruled. Further answer to be filed within ten days.