Taft, J.,
concurring. One of the principal questions to be determined in the instant case is whether the performance of a surgical operation upon an 18-year-old girl with her consent can ordinarily constitute an assault and battery for which damages may be recovered. If it cannot, then the trial court erred in excluding evidence that plaintiff consented to the operation *22 involved in the instant case, and also erred in charging that a minor of 18 could not consent to what the jury from the evidence might have determined was only a simple operation.
It is well established that, in the absence of exceptional circumstances, an operation by a surgeon without his patient’s consent constitutes an assault for which the patient may recover appropriate damages. Annotations, 76 A. L. R., 562, 139 A. L. R., 1370. However, where such consent is given, there ordinarily can be no assault and battery for which damages may be recovered. 41 American Jurisprudence, 220, Section 108.
In 1 American Jurisprudence, 415, Section 17, it is said:
“It is a general rule that one cannot maintain an action for a wrong occasioned by an act to which he has consented, under the familiar maxim ‘volenti non fit injuria/ except where the act involves the life or person of a citizen, or a breach of the peace, or amounts to a public offense, as in cases of mutual combat. ’ ’
See also 4 American Jurisprudence, 173, Section 84.
Although an exception is made to the application of the foregoing maxim where an assault involving a breach of the peace is involved, our court has recognized that this is only an exception to the general application of that maxim and is only justified by the interest which the public has in avoiding and discouraging breaches of the peace. Barholt v. Wright, 45 Ohio St., 177, 12 N. E., 185, 4 Am. St. Rep., 535.
As stated by Peck, J., in Smith v. State, 12 Ohio St., 466, 469, 80 Am. Dec., 355:
‘ ‘ An assault implies force upon one side, and repulsion, or at least want of assent, upon the other. An assault, therefore, upon a consenting party would seem to be a legal absurdity.”
The making of a contract obviously involves the consent of each of the contracting parties. Probably because of this and of the law with respect to the capacity of infants to contract, some authoi'ities have indicated that the consent of a minor to performance of a surgical operation will ordinarily not be sufficient in itself to require the conclusion that performance of .such operation cannot constitute an assault.
It is apparent however that the consent, which prevents what would otherwise be an assault from being an assault, does *23 not depend upon the capacity of the consenting party to contract. It has nothing to do with contractual capacity.
If the instant action were one by the defendant surgeon to recover from the infant plaintiff for his services in performing the operation, then the lack of contractual capacity of the infant would be significant and might enable her to avoid any contractual obligation to pay. However, the consent contemplated by the maxim 11 volenti non fit injuria” is not dependent upon the contractual capacity of the person who gives such consent. Such a conclusion necessarily follows from two recent decisions of this court with respect to the defense of ‘ ‘ assumption of risk. ’ ’
Thus, in Porter, an Infant, v. Toledo Terminal Bd. Co., 152 Ohio St., 463, 90 N. E. (2d), 142, it is said in the opinion by Weygandt, C. J., on page 466:
“* * * ‘assumption of risk’ * * * derives from the legal maxim ‘volenti non fit injuria/ which means that ‘to the consenting no injury is done,’ or that ‘a person who consents to a thing cannot complain of it as an injury’ or that ‘that which, unauthorized, would amount to wrongful injury, subjecting the doer of it to an action for damages by the person injured, loses such character if the person suffering the disadvantage or injury consents to the act.’ ”
It was- held in that case that the trial court should have charged with respect to the defense of plaintiff’s assumption of risk notwithstanding that plaintiff was only 13 years old. Likewise, it was held in Centrello, a Minor, v. Bashy, 164 Ohio St., 41, 128 N. E. (2d), 80, that the trial court should have charged on assumption of risk by the ten-year-old plaintiff in that case.
Although assumption of risk as a defense, as indicated by the foregoing quotation from the opinion in the Porter case, depends upon what is regarded as the “consent” of the plaintiff to the injury for which damages are sought, there is no suggestion in either of those cases that an infant’s consent should be regarded as ineffective so far as that “consent” defense is concerned; or that such “consent” defense should in any way be dependent upon consent of the infant plaintiff’s parent or guardian.
Although the general rule applicable to contracts is that an infant may avoid liability thereon, the general rule with respect *24 to torts and crimes does not allow the infant to escape the consequences of his conduct. See 27 American Jurisprudence, 812 and 820, Sections 90 and 97. However, where a particular tort or crime involves an element necessarily wanting in an infant, the infant may escape such consequences just as any other defendant might if such element were absent in his case. See 27 American Jurisprudence, 813, Section 91. In 27 American Jurisprudence, 820, Section 97, it is said:
“By the early English common law an infant under the age of seven years was not criminally liable for his acts, irrespective of superior mental capacity or of actual appreciation of the crime in question * * *. This rule is followed in the United States * * *. Children of seven or more, but less than 14 years of age, are presumed to be without criminal capacity, but the presumption is rebuttable, and the child may be convicted even of a capital offense if it is proved beyond a reasonable doubt that the accused was capable of appreciating the nature and criminality of the act. * * * When a child reaches 14, any special immunity or presumption of incapacity ceases, and the infant is practically an adult in the eyes of the criminal law. He may, however, introduce evidence, as an adult may, to prove that he was, in fact, not of sufficient mental capacity to be responsible for crime.”
In L. E. & W. Rd. Co. v. Mackey, 53 Ohio St., 370, 41 N. E., 980, 53 Am. St. Rep., 641, 29 L. R. A., 757, it is said in the opinion by Spear, J.:
“The law as to personal responsibility of a child for his acts is declared by Bishop, in his work upon Criminal Law section 368, in these words: ‘Since, in reason criminal capability depends on the understanding rather than the age, there can be no fixed rule of age which will operate justly in every possible case. But an imperfect rule is practically better than none. Therefore, at the common law, a child under seven years is conclusively presumed incapable of crime. Between seven and fourteen the law also deems the child incapable, but only prima facie so, and evidence may be received to show criminal capacity.’ The rule is sustained by many authorities, and may be regarded as an accepted rule of criminal law; and it would seem that the principle should have application to a case of negligence.”
*25 With respect to consent to what otherwise would be an assault, it is stated in Section 59 of the Restatement of the Law of Torts:
“If a person whose interest is invaded is at the time by reason of his youth or defective mental condition, whether permanent or temporary, incapable of understanding or appreciating the consequences of the invasion, the assent of such a person to the invasion is not effective as a consent thereto.’'
In Smith v. State, supra (12 Ohio St., 466), it was even held that ‘ ‘ an attempt * * * to carnally know and abuse a female child under the age of ten years, with her consent,” was not “an assault.” At the time of that decision the age of consent applicable to the’ crime of rape was ten years.
Although the later case of Snyder v. State, 92 Ohio St., 167, 110 N. E., 644, holds that the offense of assault may be included within an indictment for statutory rape on one under the age of consent (then as now 16, see Section 12414, General Code), apparently upon the theory that any statement in the indictment that the prosecutrix did consent would constitute surplusage (State v. Carl, 71 Ohio St., 259, 73 N. E., 463), there is nothing in the report of that case to indicate that the consent of the victim, understandably given, would not prevent a conviction for assault.
Notwithstanding the fact that the problem is important and must have arisen very frequently in the past, the question, as to when if ever consent of a minor child will prevent what would otherwise amount to an assault upon such child from being an assault, has apparently not been considered in many cases where a surgical operation was involved. That there may be no assault because of such consent is indicated by the decisions in Bakker v. Welsh, 144 Mich., 632, 108 N. W., 94, 7 L. R. A. (N. S.), 612 (17 years old), and Bishop v. Shurly, 237 Mich., 76, 211 N. W., 75 (19 years old). Of the cases sometimes referred to as supporting the conclusion, that there will be an assault in such an instance unless consent was secured from the parents or guardians of the minor or an emergency or other exceptional circumstances existed, several did not pass upon any such question. See for example Mohr v. Williams, 95 Minn., 261, 104 N. W., 12, 1 L. R. A. (N. S.), 439, 111 Am. St. Rep., 462, *26 5 Ann. Cas., 303; Browning v. Hoffman, 90 W. Va., 568, 111 S. E., 492; Tabor v. Scobee (Ky.), 254 S. W. (2d), 474; Pratt v. Davis, 118 Ill. App., 161. The others involved infants much younger than the 18-year-old plaintiff in the instant case. Thus, in Moss v. Rishworth (Texas), 222 S. W., 225, the child involved was 11; in Rogers v. Sells, 178 Okla., 103, 61 P. (2d), 1018, the child was 14; in Zoski v. Gaines, 271 Mich., 1, 260 N. W., 99, the child was only 9½; and in In re Hudson, 13 Wash. (2d), 673, 126 P. (2d), 765, the child was 12. Although the child involved in Bonner v. Moran, 126 F. (2d), 121, 139 A. L. R., 1366, was 15 years old, the decision in that case was rested largely upon the ground that the operation there involved was not for the benefit of the child but for the benefit of someone else.
It may be observed that the decision in the instant case only involves an 18-year-old girl and not an infant of lesser age. Likewise, we do not have before us any question as' to whether consent of the parent or guardian of an infant without the infant’s consent would be sufficient to prevent performance of a surgical operation from being an assault.
A charge, that this 18-year-old plaintiff could not consent to what the jury could have found was only a simple operation, would seem inconsistent with the conclusion of our General Assembly, that any female child of 16 can prevent the taking of liberties with her person from being rape merely by consenting thereto at the time such liberties are taken (see Section 12414, General Code). Also, the approval of that charge by this court will raise some other interesting questions. For example, does any boy who kisses a girl under 21 with her consent but without the consent of her parents thereby expose himself to an action for assault and battery; and does every high school football player run the risk of assault and battery actions by boys under 21 with or against whom he plays’?
My conclusion is that performance of a surgical operation upon an 18-year-old girl with her consent will ordinarily not amount to an assault and battery for which damages may be recoverable even though the consent of such girl’s parents or guardian has not been secured.
Matthias, Stewabt and Bell, JJ., concur in the foregoing concurring opinion.