**Emilienne LYONS, Appellant,**

v.

**Charles Ray SPONCIL, Appellee.**

Court of Appeals of Kentucky.

March 3, 1961.

Robert L. Milby, London, for appellant.

Robert L. Gullette, Nicholasville, for appellee.

STANLEY, Commissioner.

The appeal by the plaintiff in an automobile damage action presents a question of the construction and effectiveness of CR 36.01. The rule provides in pertinent part, "After commencement of an action a party may serve upon any other party a written request for the admission by the latter of * * * the truth of any relevant matters of fact set forth in the request." * * * "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, * * *."

The appellant, Emilienne Lyons, sued the appellee, Charles Ray Sponcil, for damages allegedly caused by his negligent operation

of a motor truck. An answer denied the allegations of the complaint. The plaintiff timely served on the defendant a request that within ten days he admit the truth that (1) at a stated time and place he "did negligently and carelessly allow the motor vehicle which he was operating to run into the rear end of the automobile owned and occupied by the plaintiff, Emilienne Lyons, while said automobile of the plaintiff was legally stopped for a traffic control signal light"; (2) that as a result of the accident plaintiff's automobile was damaged $472.79; and (3) that the plaintiff sustained personal injuries for which she had so far incurred medical expenses listed, which aggregated $144.09.

No response to the request for admissions was filed. It is said in appellee's brief that upon his verbal motion the court had enlarged the time for a response (CR 6.02), and it was filed before trial. The record does not contain the motion or order. We may not accept the statement or indulge a presumption.

When the case was called for trial, the plaintiff moved the court to direct the jury to find for her "on the basis of the request for admissions filed herein and to submit to the jury only the question of the amount of damages." The motion was overruled and the trial proceeded. The plaintiff's motions for a directed verdict made at the close of her evidence and at the close of all the evidence were overruled.

It may be said in passing that the defendant's testimony shows negligence almost, if not entirely, as a matter of law; but the case is decided upon the defendant's failure to respond to the request for admissions.

The verdict was for the defendant, and a judgment was entered accordingly.

■ Our Civil Rule 36.01, like its counterpart, Federal Rule 36(a), 28 U.S. C.A., applies only to admissible facts, and upon the failure of a defendant called upon to admit the truth of such facts they stand admitted and require no proof in respect

thereto by the plaintiff. Clay, CR 36.01, Comment; 3 Ohlinger's Federal Practice, Rule 36, Notes; 4 Moore's Federal Practice, § 36.05, p. 2716.

In Sims Motor Transportation Lines, Inc. v. Foster, Ky., 293 S.W.2d 226, the defendant had not timely responded to plaintiff's request that it admit the driver of the motor truck involved in a collision was its agent or employee. We held the trial court had properly regarded the agency as being admitted and excluded proffered evidence which would have tended to show that the driver was an independent contractor.

■■ In the present case the request for admissions was, in part, that the defendant had "negligently and carelessly" run his truck into the rear of the plaintiff's automobile. The term "negligence" is generally a mixed question of law and fact. The request for an admission of a conclusion of law, rather than of facts, is improper. 3 Ohlinger's Federal Practice, Rule 36, Note 1.2, p. 617, citing Fidelity Trust Co. v. Village of Stickney, 7 Cir., 129 F.2d 506. It may be debatable whether a request that an adversary admit that he had negligently done something seeks to have him admit a conclusion of law or a controversial fact. See Clay, CR 36.01, Note 8, citing Electric Furnace Co. v. Fire Ass'n of Philadelphia, D.C.Ohio, 9 F.R.D. 741; Petition of Reinauer Oil Transport, Inc., D.C.Mass., 19 F.R.D. 5. If the instant request be regarded as calling for such an admission and was objectionable on that account, the defendant should have responded with a written objection, as is required by clause (2) of CR 36.01. In Loring v. United Air Lines, D.C., 19 F.R.D. 322, there was a request for an admission which called for a conclusion both of law and of fact. The court expressed the opinion that a question of such doubtful propriety should be resolved, if possible, in advance of the trial.

We must regard the appellee, as defendant below, as having admitted the fact that he negligently allowed his truck to strike the rear of the plaintiff's automobile while it

was stopped for a traffic signal light and that she was injured and sustained the special damages stated.

The plaintiff protected her claim of error in a motion for a new trial and a motion for a judgment notwithstanding the verdict. We reverse the judgment with directions that upon another trial only the question of damages should be submitted to the jury. The court should peremptorily instruct the jury to find for the plaintiff the amount of the special damages admitted by the default of the defendant and any additional special and general damages for personal injuries which the plaintiff may prove.

Judgment reversed.