**PHOTON, INC., Plaintiff**

**v.**

**HARRIS INTERTYPE, INC., Defendant.**

**Civ. A. No. 60–219–C.**

United States District Court
D. Massachusetts.

June 28, 1961.

Melvin R. Jenney, Jeremiah Lynch, Boston, Mass., for plaintiff.

W. R. Hulbert, Fish, Richardson & Neave, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a suit for a declaratory judgment involving the validity and infringement of two United States patents, No. 2,725,803 and No. 2,896,523. Both patents relate to photographic type composing machines, and plaintiff makes and sells the machines alleged to infringe these patents.

The patent disclosures, their claims, and the machines themselves are highly complex. Defendant filed a request for admission of facts under Rule 36, Fed. Rules Civ.Proc., 28 U.S.C.A., on August 3, 1960, calling upon plaintiff to make nine admissions. Plaintiff filed answers and objections to these nine requests on August 15 and August 29, 1960. Thereafter, defendant filed a second set of requests for admissions numbered 10 through 62. This set, with lettered subdivisions, comprises 114 legal size pages, and counsel are in agreement that, in effect, it contains 704 requests for admissions. Plaintiff has admitted 176 of these and objects to the remainder. Basically, the admissions break down into four questions addressed to each element of 23 of the 35 claims of the patents involved in this litigation.

As to each element of said 23 claims, the defendant makes the following four requests:

(a) Does plaintiff admit its machine has a certain described element?

(b) Does plaintiff admit that the element can be fairly described in specific language (which language is copied from the claim of the patent)?

(c) Does plaintiff admit the language specified is from the claim?

(d) Does plaintiff admit that the language "reads on" the described element? Plaintiff has admitted Request (a), i. e., that its machine does have a certain described element, and has objected to all of the requests summarized in Groups (b), (c), and (d).

Plaintiff's contention is that defendant, through the medium of these requests for admissions, is attempting to force plaintiff to admit that it has no defense to the charge of patent infringement. Plaintiff contends that the function of Rule 36 is to elicit admissions only as to non-controverted facts, and that defendant herein, in requesting plaintiff to admit all of the ultimate facts on the major issue in the case, puts itself in a "heads I win, tails you lose" situation. Plaintiff likewise contends that defendant is exposing plaintiff to substantial risks of having the heavy financial sanctions provided for in Rule 37(c) visited upon it should it deny the requests for admissions and should the Court ultimately, after trial, make a finding of infringement of each of the patent claims.

The objections of the plaintiff raise such close questions that their decision will be substantially affected by the attitude of the Court with regard to the use of Rule 36 procedure. I approach this matter with the belief that the comment of Professor Moore (Moore's Federal Practice, Vol. 4, 2nd Ed., Sec. 36.04, p. 2713) "Where the borderline of fact and opinion is shadowy * * * the preferable course would be to hold that the request requires an answer" is basically sound. The position that the obligation to answer should be construed broadly has previously received judicial endorsement in this district in the opin-

ion of Judge Aldrich reported in Loring v. United Air Lines, D.C.Mass.1956, 19 F.R.D. 322, 323.

With respect to the requests summarized in Group (c) above, plaintiff objects *inter alia* that these requests call upon it to express an opinion that the cited words "fairly" describe the element in question. In many areas the distinction between matters of fact and matters of opinion is extremely fine. In context, if this be opinion, it is opinion of a type which plaintiff is certainly in a position to express, and express by making an absolutely minimal departure from the area of fact. To obviate any difficulty in this regard, all requests in Group (b) may be answered by plaintiff as if the word "fairly" were stricken therefrom, i. e., they may be taken by plaintiff as reading "whether the element and its function are, or may be described as * * *." With this qualification, the objections to requests for admissions summarized in Group (b) are overruled.

With regard to requests summarized in Group (c), namely, "does plaintiff admit the language specified is from the claim," plaintiff objects largely that this request calls for a purely ministerial act of comparing the language in the request with the language in the claim. Plaintiff likewise claims that this request is "frivolous." However, plaintiff does not challenge that this is a purely factual matter, which will have to be resolved for the record at some time, either before the trial or during the course of the trial, and establishment of these facts through the medium of requests for admissions will *pro tanto* shorten the trial. The objections to requests for admissions summarized in Group (c) are overruled.

Plaintiff's apprehensions relative to possible sanctions under Rule 37(c) are premature. Cf. Loring v. United Air Lines, supra, 19 F.R.D. at page 323.

With regard to the requests summarized in Group (d), plaintiff objects on the grounds that the phrase "reads on" has different meanings in patent litigation in different contexts, and that this group of requests seeks opinions and conclusions of law. At the oral argument of these objections, counsel for the defendant stated his interpretation of the phrase "reads on." This explanation does not meet plaintiff's objection to this group of requests. The objections are upheld as to Group (d).