Ellen Ruth LEWIS, Appellant,

v.

Daniel A. KENADY, M.D. and Richard
W. Schwartz, M.D., Appellees.

No. 94–SC–180–DG.

Supreme Court of Kentucky.

Dec. 22, 1994.

Rehearing Denied April 20, 1995.

Charles A. Taylor, Lola Philpot Lewis,
Lexington, for appellant.

William J. Gallion, Gallion, Baker & Bray,
P.S.C., Lexington, for appellees.

LAMBERT, Justice.

We are called upon to review the rulings of
the circuit court and the Court of Appeals
with respect to three admissions made or
obtained by means of CR 36. This is a
medical negligence case and in the trial
court, pursuant to a jury verdict, judgment
was rendered for the appellee physicians.
The Court of Appeals affirmed. Upon our
grant of discretionary review, appellant
claims the CR 36 admissions at issue here
establish her entitlement to a directed ver-
dict rendering inadmissible any evidence on
the matters covered by the admissions.

Appellant had been previously and suc-
cessfully treated by appellee Dr. Kenady for
colon cancer. A malignant breast tumor had
also been removed. In a follow-up mammo-
graphic examination, a new breast abnormal-
ity was discovered and appellant and appel-
lee Kenady, agreed that additional surgery
would be required. From that point, howev-
er, the facts are seriously disputed. In par-
ticular, there is a dispute as to whether
appellant understood that Dr. Kenady would
be performing a mastectomy. She contends
that she authorized mastectomy only if there

was a positive biopsy, but he says that under the circumstances, the standard of care called for mastectomy and that appellant fully understood what would be done.

The surgery was not performed by Dr. Kenady, but by Dr. Schwartz, an equally qualified surgeon, after consultation with Dr. Kenady. The substitution was occasioned by an emergent circumstance. Dr. Kenady was away due to a death in his family. The hospital had advanced the operating schedule and anesthesia had been administered. Dr. Schwartz discovered the preparation and telephoned Dr. Kenady. Recognizing that appellant was at high risk for anesthesia, rather than keep her under until Dr. Kenady arrived or abort the procedure until another day and subject her to a second anesthesia, the doctors decided that Dr. Schwartz would perform the operation. Regardless of other conversations which may have transpired between appellant and Dr. Kenady and statements appellant may have made to others with respect to her surgery, her written authorization was for a mastectomy. On pathological examination, the removed tissue was not found to be cancerous.

After suit was filed and while the litigation was still in relatively early stages, appellant served upon appellees certain written interrogatories and requests for admission. The interrogatories were seasonably answered, but there was no response to the requests for admission.[1] Thereafter, the litigation proceeded with no mention by either side of the admissions. Discovery and evidentiary depositions were taken, pre-trial conferences were held, and the case proceeded toward trial. At a pre-trial conference eight months prior to trial and on request of the court, the parties each filed a pre-trial memorandum. In appellant's memorandum, her version of the facts was stated and nine legal issues were identified for trial. The issues so identified went to the heart of the case and some of the issues were covered by the requests for admission. Despite this, there was no mention of the admissions which had by then been of record for two years or more.

The admissions first came to light during opening statement when appellant objected to a line of argument by appellees on grounds that the matter had been admitted. According to appellees, this came as a total surprise, but on examination of their files the admissions were found. Shortly thereafter, appellees moved to withdraw the admissions. At the hearing on their motion to withdraw, appellees' counsel mysteriously stated "at the time [of the admissions] we felt it was appropriate to admit them."

The trial court overruled the motion to withdraw the admissions and allowed them to be read to the jury. Nevertheless, the court held that the admissions were not conclusive, permitted appellees to present their evidence, and refused to grant a directed verdict on the basis of the admissions. However, there is no indication that appellant failed to present any evidence or otherwise prejudicially relied on the effect of the admissions. In fact, during her evidence in chief, appellant thoroughly presented her case on the matters covered by the admissions and not until near the end of her evidence in chief did she seek to read the admissions to the jury.

On appeal from the adverse final judgment, appellant claimed prejudice with respect to the trial court's rulings on the requests for admission. She contended that the admissions were conclusive; that as a result, a directed verdict should have been granted; and that it was reversible error for the court to allow any other evidence relating to the matters admitted.

Affirming the trial court, the Court of Appeals focused on the absence of prejudice to appellant and held that the effect of the trial court's ruling amounted to ordering withdrawal of the admissions except that plaintiff was allowed to use them anyway. It said:

> Lewis was permitted to put on her proof as to these matters and did present fully developed evidence. The defense also offered their case, including the authorization for mastectomy signed by Lewis. There is no indication from the record that

---

1. CR 36.01(2) provides that matters set forth in Requests for Admission will be admitted unless answered or objected to within thirty days.

Lewis was unprepared to go forward on these issues or had otherwise relied on the admissions to her detriment. Considering the fact that there was no showing of intentional delay or misfeasance on the part of the defendants it appears that their request to withdraw the admission should have been granted. The actions of the trial court were tantamount to a grant of the motion and, as such, were proper. In fact, the allowance of the presentation of the admissions inured to the benefit of the plaintiff as a grant of the motion would not have.

■ The CR 36 admissions at issue here are as follows:

1. It is a departure from accepted standards of medical care for a surgeon to perform a mastectomy without having the patient's consent for the surgeon to perform a mastectomy.

2. A surgeon who performs a mastectomy on a patient without first obtaining the patient's consent to his performing the mastectomy is not acting as a reasonable competent surgeon under the circumstances.

3. Defendant Richard Schwartz did not have the consent of Plaintiff Ellen Lewis to perform a mastectomy on her on October 17, 1988.

In support of her claim for reversal, appellant contends that these admissions are conclusive. As far as they go, and providing there was not an effective withdrawal or amendment, we have no disagreement with this. CR 36.02 declares the conclusive nature of the matter admitted and we see no room for further refinement. There are other words and phrases which would be the functional equivalent of the language contained in the rule, but we believe "conclusively established" to be of sufficient clarity to dispense with elaboration. While we share much of the concern expressed by the Court of Appeals as to the propriety of requests for admission such as these,[2] they are within the confines of CR 36. In short, the admissions herein are what they are and the rule means what it says. "Any matter admitted under Rule 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." CR 36.02. Inasmuch as the trial court failed to recognize the conclusive nature of the matters admitted, or permit amendment or withdrawal of the admissions, the only options allowed by the rule, it was in error. The Court of Appeals interpreted the actions of the trial court as allowing withdrawal of the admissions and we believe this, too, was in error. *Lyons v. Sponcil,* Ky., 343 S.W.2d 836 (1961).

■ Appellant next contends that as the admissions were conclusive, the trial court having failed to authorize withdrawal or amendment, she was entitled to a directed verdict. For this contention, appellant broadly construes the admissions to preclude any evidence to explain appellees' actions. It should be recalled that appellant's central contentions are that she insisted upon a biopsy with a positive cancer finding prior to mastectomy, and anticipated that only Dr. Kenady would be performing any surgical procedure upon her. Even when the admissions are acknowledged to be conclusive, they simply do not resolve all factual and legal issues to the extent required for a directed verdict.[3] The factual dispute as to the proper significance of appellant's authorization is not eliminated by the admissions. Appellant's principal contention, that she was subjected to an unnecessary mastectomy, is not even addressed in the admissions. The admissions deal only with the legal generalities that surgery without consent violates the standard of care and is contrary to reasonable competence, and the fact that Dr. Schwartz was without appellant's consent for

---

**2.** "A request for admissions should be used to obtain the admission of facts about which there is not real dispute and should deal with singular relevant facts which can be clearly admitted or denied. A request for admissions should not be used as a means of covering the entire case." *Court of Appeals slip opinion, page 4,* with citation to *Petition of Reinauer Oil Transport, Inc.,* 19 F.R.D. 5 (D.C.Mass.1956).

**3.** To have been entitled to a directed verdict, appellant would have been required to show that reasonable persons could not differ on the conclusion to be drawn. *Lee v. Tucker,* Ky., 365 S.W.2d 849 (1963).

a mastectomy. They do not eliminate the right of appellees to present evidence as to other prevailing facts as set forth hereinabove. It should not be overlooked that there was a dispute between the parties as to the extent of appellant's surgical authorization. Appellant claims it was conditional, but her written instrument and Dr. Kenady's testimony are decidedly to the contrary. To conclude that appellant should have had a directed verdict would require an unreasonably broad interpretation of the language used in the admissions.

Regardless of the conclusiveness of the admissions in the present case, allowing explanation of the facts and context surrounding those admissions was a perfectly reasonable exercise of the trial court's discretion. To consider those simple statements as dispositive of all possible contra explanation is to put power into those words which simply is not there. In *Goldsmith v. Allied Building Components*, Ky., 833 S.W.2d 378 (1992), we analyzed a number of our decisions on judicial admissions. Among other things, we said "the determination by a court that a party may not contradict an admission is strong medicine and should be sparingly administered." *Id.* at 380. For the same reason, we believe admissions should be narrowly construed. The admissions here are far short of being dispositive of the liability issues.

■ We have heretofore stated that the trial court erred in its failure to treat the admissions as conclusive, or to permit their amendment or withdrawal. However, we have also said that the admissions were of insufficient breadth to require a directed verdict for appellant. As such, and with particular regard to the absence of any prejudicial reliance by appellant on the effect of the admissions, we see no harm in the trial court's rulings. CR. 61.01. *See also Depehdahl v. Falstaff Broom Corp.*, 491 F.Supp. 1188 (E.D.Mo.1980). If the admissions had been treated as conclusive, the evidence may have differed slightly, but submission to the jury would have been required nevertheless. If the admissions had been withdrawn or amended, appellant would have been without benefit of otherwise favorable evidence.

In final analysis, while there appear to have been technical errors which resulted from a failure to rule decisively, appellant seems to have anticipated just such an occurrence and fully presented her evidence. The case was fairly tried and the jury returned a verdict which was supported by the evidence.

For the reasons set forth herein, we affirm the result reached by the Court of Appeals.

STEPHENS, C.J., and REYNOLDS and SPAIN, JJ., concur.

LEIBSON, J., dissents by separate opinion in which STUMBO and WINTERSHEIMER, JJ., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

There is much about the Majority Opinion which does not withstand scrutiny. It is a glaring contradiction to state the trial court "was in error" when it "failed to recognize the conclusive nature of the matters admitted" (p. 621), and then to hold these "conclusive" admissions did not entitle the appellant to a directed verdict (p. 622).

The three admissions were as follows:

1. It is a departure from accepted standards of medical care for a surgeon to perform a mastectomy without having the patient's consent for the surgeon to perform a mastectomy.

2. A surgeon who performs a mastectomy on a patient without first obtaining the patient's consent to his performing the mastectomy is not acting as a reasonable competent surgeon under the circumstances.

3. Defendant Richard Schwartz did not have the consent of Plaintiff Ellen Lewis to perform a mastectomy on her on October 17, 1988.

These admissions constitute a cause of action for surgery performed without consent, and there is no way to explain this away, although the Majority Opinion attempts to do so by suggesting they do not dispose of the "appellant's principal contention, that she was subjected to an unnecessary mastectomy." Whether the mastectomy was necessary or unnecessary begs the issue. The

appellant's position, as stated throughout and in the Majority Opinion, was "that she authorized mastectomy only if there was a positive biopsy," and there was *none* in this case. Since "a positive biopsy" was a clearly stated precondition, and since, as yet, we citizens remain autonomous in the power to accept or refuse medical treatment, performing a mastectomy in this case without first obtaining a positive biopsy constituted a completed cause of action. Whether the patient was exercising good medical judgment in imposing this precondition to a mastectomy misses the point, and the damages are obvious: the plaintiff lost her breast. See and cf. *Tabor v. Scobee,* Ky., 254 S.W.2d 474 (1952), holding that surgically removing the patient's ovaries without informed consent stated a cause of action without regard to whether to do so was good medical practice, citing the opinion by Justice Cardozo in *Schloendorff v. Society of New York Hospital,* 211 N.Y. 125, 105 N.E. 92 (1915):

> Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent commits an assault, for which he is liable in damages.... This is true, except in cases of emergency where the patient is unconscious, and where it is necessary to operate before consent can be obtained.

*Tabor v. Scobee* and Justice Cardozo's opinion in *Schloendorff* are still good law, and no precedent from this Court mandates a different result in present circumstances.[1]

Next the Majority Opinion seems to suggest that, while the trial court refused to do so, it could have permitted "amendment or withdrawal" of the admissions. It would have been an abuse of discretion and clearly erroneous for the trial court to permit withdrawal or amendment of the matters admitted after trial had commenced. Rule 36.02, which deals with the effect of admissions, specifies that the "matter admitted ... is conclusively established unless the court on motion permits withdrawal or amendment of the admission," permitting withdrawal in certain limited circumstances, but certainly not in the circumstances presented, where the

trial was in progress and the defendant claimed neither inadvertence or mistake.

Here the admitting party plainly stated that the reason the requests were admitted was not through inadvertence or mistake, but because at the time "we felt it was appropriate to admit them."

A more restrictive standard must apply to permitting withdrawal or amendment of admissions after trial has commenced than would apply when there is advanced notice with opportunity to prepare for the changed circumstances. *See Brook Village N. Assn., et al. v. General Electric Co.,* 686 F.2d 66, 72 (1st Cir.1982): "Rule 36 plainly contemplates a more restrictive standard ... once trial has begun." Further, the conclusive effect of an admission is neither eliminated nor diminished because "a plaintiff presents evidence which overlaps questions controlled by admissions"; neither "default" nor "waive[r] [of] the right to rely on the matters controlled by the admissions" occurs. *Id.* at 71.

The Majority Opinion mistakenly assumes the plaintiff suffered no prejudice from the trial court's error because she was prepared to put on other evidence to prove a cause of action based on lack of informed consent in addition to the admissions. The prejudice is obvious: if the admissions had been given conclusive effect, the plaintiff was entitled to a directed verdict; when treated only as evidentiary admissions, the jury relied on other evidence and rejected the plaintiff's claim. To say the least it is difficult to grasp the logic in the Majority Opinion attributing no prejudice to the trial court's decision to treat these admissions as evidentiary rather than conclusive, when the difference was between winning and losing on this claim.

The Court of Appeals and the appellees rely on *Smith v. First National Bank of Atlanta,* 837 F.2d 1575 (11th Cir.1988) in support of the right to withdraw or amend admissions in appropriate circumstances. The *Smith* case is of no help in deciding the present case because it involved a failure to respond to a request for admission which was (1) inadvertent and "excusable neglect," and (2) further involved a request to withdraw made before trial, during the pretrial discov-

---

1. Nothing in KRS 304.40–320, which attempts to codify the common law as to when informed consent has been given and obtained, remotely suggests a different result.

ery procedure. Here defense counsel plainly stated the decision not to deny the request for admissions was a deliberative and intentional process, and the request to withdraw was made only during the trial.

The Majority Opinion is uncertain in its reasoning, so it is difficult to perceive exactly what it is saying to the practicing bar as to how to treat admissions in future cases, and when to permit them to be withdrawn or amended. When it says that "admissions should be narrowly construed" (sl. op., p. 8), surely it does not mean they should not be *reasonably* construed. And surely it does not mean there should be unfettered discretion to withdraw or amend admissions at any time and with no reasonable excuse. The only thing clear in this confusing opinion is that we approved the action of the trial court in treating judicial admissions as evidentiary admissions. This is certainly not the message the opinion intends to convey, as the opinion plainly states that to do so was error.

We have affirmed a result when there is no reasoning to support it.

STUMBO and WINTERSHEIMER, JJ., join.