RENDERED:  OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0462-MR

ROBERT JESSUP AND
LANCE CHAPMAN                                                          APPELLANTS


APPEAL FROM BUTLER CIRCUIT COURT
v.        HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 16-CI-00152


CHARLES PATTON AND
ARTIE PATTON                                                              APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Robert Jessup and Lance Chapman bring this appeal from a

February 26, 2018, Trial Order and Judgment of the Butler Circuit Court directing

a verdict at a jury trial in favor of Charles B. Patton and Artie Patton (Pattons) as

concerns a prescriptive right-of-way easement asserted by Jessup.  For the reasons

stated, we reverse and remand.

We recite only those facts necessary to disposition of this appeal. Jessup and the Pattons own adjoining tracts of real property in Butler County. A dispute arose between the parties concerning a roadway that runs across the Pattons' real property to Jessup's real property. Jessup had used the roadway since purchasing his real property in 1973. Chapman, who had purchased hunting rights from Jessup on his property, also regularly utilized the roadway to reach Jessup's property. The Pattons purchased their property from Glenn and Wanda Cruse on November 21, 2016. In December 2016, the Pattons informed Jessup that the roadway was on their land and that use of it by either Jessup or Chapman would be considered a trespass.

On December 19, 2016, the Pattons filed a complaint in the Butler Circuit Court against, *inter alios*, Jessup and Chapman. The Pattons assert that "Chapman and Jessup have entered upon [their] land . . . and trespassed claiming that they have a right to cross across [the Pattons'] property." Complaint at 3.

Jessup and Chapman, *pro se*, filed answers. Thereafter, the Pattons served Jessup with a request for admissions per Kentucky Rules of Civil Procedure (CR) 36.01. The discovery request was not timely responded to by Jessup.

Eventually, Jessup and Chapman retained legal counsel. The court granted Jessup's and Chapman's motions to file amended answers and counterclaim. In the counterclaim, Jessup alleged, *inter alia*, that he possessed a

-2-

prescriptive easement over the roadway located upon the Pattons' real property. By order entered June 14, 2017, the court ruled that the Pattons' requests for admissions were deemed admitted because Jessup failed to timely respond thereto.

The Pattons then filed a motion for summary judgment. Therein, the Pattons pointed out that Request No. 6 stated, "Admit that you do not have any easement or legal rights concerning the above described property." Motion for Summary Judgment at 3. As the trial court ruled that all requests for admissions were deemed admitted, "Jessup . . . therefore admitted that he does not have any easement or legal rights to cross" the roadway located upon the Pattons' real property. Motion for Summary Judgment at 3.

The trial court denied the motion for summary judgment. The court held:

> 7. Defendant Jessup's admission above-stated is quite broad but, nevertheless, is subject to different interpretations. The statutory and case law regarding easements in its many forms are voluminous – applying different legal theories to various factual scenarios. While the Defendant Jessup's admission would preclude any claim of easement of record or express grant of easement, it may or may not preclude other claims of easement, such as a claim of public easement. Accordingly, while Defendant Jessup's admission stands, the statement may be supplemented or explained by parol evidence[.]

January 24, 2018, Order at 2.

-3-

A jury was impaneled, and the parties introduced evidence. Relevant to this appeal, Jessup testified that he regularly used the roadway to access his property since purchasing his property in 1973. At the close of Jessup's case, the Pattons moved for a directed verdict upon the issue of a right-of-way easement by prescription over the roadway. The trial court granted the directed verdict and held that Jessup did not possess an easement in the roadway located upon the Pattons' property. In so doing, the trial court reasoned:

> 2. <u>Easement by Prescription</u>: The Court finds that to acquire a prescriptive easement the following must be satisfied[:]
>
>     a. hostile or "under a claim of right"[;]
>     b. actual;
>     c. exclusive;
>     d. continuous; and
>     e. open and notorious.
>
> The Court, having taken a brief recess to consider the applicable law and the testimony in this case, after careful consideration, the Court finds that the Defendants did not establish that they possessed the easement "hostile," "exclusive" or "open and notorious" to the owners of the servient estate. Accordingly, a reasonable jury could not find in favor of the Defendants on the claim of easement by prescription.
>
> Furthermore, the Plaintiffs are entitled to directed verdict based upon the admission of the Defendant Jessup that he did not possess or have an easement on the servient property. The Plaintiff's motion for a directed verdict on the theory of an easement by [prescription] is hereby **GRANTED**.

February 26, 2018, Trial Order at 2-3. This appeal follows.

Jessup and Chapman contend that the trial court erred by rendering a directed verdict upon Jessup's claim of a prescriptive right-of-way easement over the roadway located upon the Pattons' property. In particular, Jessup and Chapman argue that the trial court erred by concluding that Jessup failed to prove that his use of the roadway was hostile, exclusive, and under a claim of right. Jessup and Chapman maintain that Jessup's continuous and uninterrupted use of the roadway raised a legal presumption that his use of the road was hostile to the interest of the Pattons.

To begin, a directed verdict in a jury trial should not be rendered "unless there is a complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." *Jewish Hosp. & St. Mary's Healthcare Inc. v. House*, 563 S.W.3d 626, 630 (Ky. 2018) (citations omitted). Upon review, this Court must determine whether considering the evidence as a whole, "it would not be clearly unreasonable for a jury to find" in favor of the nonmoving party. *Id.* at 630. And, "all fair and reasonable inferences from the evidence [must be viewed] in favor of the" nonmoving party. *Id.* at 630.

In Kentucky, it is well-established that a right-of-way easement may be acquired through prescription. *Melton v. Cross*, 580 S.W.3d 510, 514 (Ky. 2019); *Illinois Cent. R.R. Co. v. Roberts*, 928 S.W.2d 822, 827 (Ky. App. 1996). A

right-of-way easement arises where claimant demonstrates actual, hostile, open and notorious, exclusive, and continuous use of the roadway for fifteen years. *Cole v. Gilvin*, 59 S.W.3d 468, 475 (Ky. App. 2001). However, where there exists a continuous and uninterrupted use of a roadway for at least fifteen years, a presumption arises that the use of the roadway was hostile, exclusive, and under claim of right. *Id.* at 476; *Pickel v. Cornett*, 147 S.W.2d 381, 382 (Ky. 1941) (holding that a "private passway may be acquired by prescriptive use although a right[-]of[-]way is not strictly a subject of continuous, exclusive, and adverse possession. It is sufficient if the use exercised by the owner of the dominant tenement is unobstructed, open, peaceable, continuous, and as of right for the prescribed statutory period."). This presumption may be rebutted by the introduction of evidence that the use of the roadway was permissive:

> [T]he presumption and burden-shifting rules of proving a prescriptive easement work like this: First, the plaintiff has the burden to offer proof of "uninterrupted, continuous, and unexplained use of the passway by the claimant . . . for a period of as much as or more than 15 years." Doing so raises a presumption of a valid prescriptive easement on the part of the plaintiff. But this presumption is rebuttable. The defendant then has the burden to offer proof "that the use of [the passway] by the [plaintiff] was in fact permissive only." If the defendant is able to offer evidence that "the use [of the passway] at its inception [was] permissive[,]" then the burden shifts back to the plaintiff to offer proof that "there has been a distinct and positive assertion of a claim of right to the easement, and which assertion is brought home to the owner of the servient estate."

*Melton*, 580 S.W.3d at 515 (footnotes omitted).

During trial, Jessup testified that he continuously and regularly utilized the roadway over the Pattons' real property to access his adjoining property. Jessup testified that he used the roadway to strip mine, farm, cut timber, and to generally access his real property. Additionally, Jessup explained that he had used only the roadway to access his property since 1973, when he initially purchased the property.

In granting the directed verdict, the trial court concluded that Jessup failed to demonstrate that his use of the roadway was hostile, exclusive, or open and notorious. However, it is clear that Jessup introduced evidence that his use of the roadway was continuous and uninterrupted for at least 15 years. As such, a presumption arose that Jessup's use of the roadway was also hostile, exclusive, and under claim of right. *See Cole*, 59 S.W.3d at 476; *Pickel*, 147 S.W.2d at 382. This presumption was not discussed by the trial court in its order granting the Pattons a directed verdict. Depending upon the evidence, a jury could conclude that a prescriptive easement existed. Thus, we have no alternative, based on the record before this Court, but to conclude that the trial court failed to consider the legal presumption. Accordingly, the trial court erred by granting a directed verdict as to a prescriptive right-of-way easement based upon the lack of evidence

demonstrating that Jessup's use of the roadway was hostile, exclusive, or under a claim of right.[1]

We also recognize that the trial court granted the Pattons a directed verdict alternatively upon the basis of Jessup's admission. As hereinbefore pointed out, the Pattons tendered to Jessup the following request for admission:

> 6. Admit that you do not have any easement or legal rights concerning the above described property. If you claim you do have any such easement or legal rights, provide a copy of all documents that support that right in any way.

Jessup failed to timely answer the request, and the trial court deemed the request admitted.

CR 36.02 provides that "[a]ny matter admitted under Rule 36 is conclusively established unless the court on motion permits withdrawal or amendment . . . ." The trial court initially viewed Request No. 6 as broad and subject to varying interpretations. The trial court held that "[w]hile . . . Jessup's admission would preclude any claim of easement of record or express grant of easement, it may or may not preclude other claims of easement . . . . Accordingly,

---

[1] Charles B. Patton and Artie Patton (Pattons) claim that Robert Jessup admitted that his use of the roadway was permissive during trial. We have reviewed Jessup's testimony. If Jessup's answers are considered in full, we do not believe Jessup admitted same, and it is clear that Jessup plainly stated that he did not need anyone's permission to use the roadway. Even if the Pattons were correct in their view of Jessup's testimony, a jury issue would have been created on the factual issue of permissive use in light of the alleged contradictory testimony. Of course, if the jury had found Jessup's use of the roadway was permissive by the land owner, there could be no prescriptive easement over the Pattons' property.

-8-

while . . . Jessup's admission stands, the statement may be supplemented or explained by parol evidence[.]" January 24, 2018, Order at 2.

The Kentucky Supreme Court has instructed that an admission under CR 36.02 is to be narrowly construed. *Lewis v. Kenady*, 894 S.W.2d 619, 622 (Ky. 1994). When a matter is admitted, it is conclusively established which "means that the adverse party is not required to prove the matter admitted and the admitting party cannot introduce evidence to the contrary." *Berrier v. Bizer*, 57 S.W.3d 271, 278 (Ky. 2001). And, the Supreme Court has cautioned that "the determination by a court that a party may not contradict an admission is strong medicine and should be sparingly administered." *Lewis*, 894 S.W.2d at 622 (quoting *Goldsmith v. Allied Bldg. Components*, 833 S.W.2d 378, 380 (Ky. 1992)).

At trial, the court permitted Jessup to introduce evidence that a prescriptive right-of-way easement existed over the roadway located upon the Pattons' property. The trial court also expressed its belief that the request was very broad and subject to multiple interpretations. Consistent with Supreme Court precedent, it was incumbent upon the trial court and it is incumbent upon this Court to narrowly interpret the admission. *See Lewis*, 894 S.W.2d at 622. In this instance, we interpret the admission narrowly as precluding any claim of easement of record or express grant of easement. However, we do not interpret the

admission so broadly as also precluding the existence of a prescriptive right-of-way easement.

In sum, we hold that the trial court erred by rendering a directed verdict upon Jessup's claim of a prescriptive right-of-way easement in the roadway located upon the real property of the Pattons. We, thus, reverse and remand for the trial court to conduct a new trial upon Jessup's claim of a prescriptive right-of-way easement.

For the foregoing reasons, the Trial Order and Judgment of the Butler Circuit Court is reversed and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

W. Currie Milliken
Bowling Green, Kentucky