985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald B. HUB, Plaintiff-Appellant,
v.
CITICORP CREDIT SERVICES, INC.; Citibank (South Dakota)
N.A., Defendants-Appellees.
 No. 92-5972.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Ronald B. Hub, a pro se Kentucky litigant, appeals a district court order dismissing his civil action brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq., and the Fair Credit Billing Act (FCBA), 15 U.S.C. §§ 1666, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $32,717.14 in compensatory damages and $75,000 in punitive damages, Hub brought the instant action against defendants, Citicorp Credit Services, Inc., and Citibank (South Dakota) N.A. (collectively Citibank), concerning an alleged billing error regarding his Citibank MasterCard. Hub claimed that in March of 1990, a billing error appeared on a periodic credit card statement issued by Citibank to Hub and that, subsequent to Hub providing Citibank with written notification of the billing error, Citibank reported to one or more credit bureaus that his Citibank MasterCard account was delinquent. Hub further alleged that as a result of this billing error, his credit rating was impaired and he was unable to refinance loans and unable to obtain new loans and new credit cards.
 
 
 4
 Based on a review of the FCRA, the FCBA, and the applicable cases arising thereunder, the district court concluded that Hub had failed to state a claim under the Reporting Act for which relief could be granted because (1) Citibank did not issue a "consumer report," and (2) Citibank was not a "consumer reporting agency." See 15 U.S.C. § 1681a(d) and (f); Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir.), cert. denied, 488 U.S. 821 (1988). The court also concluded that Hub's claim under the Billing Act was time-barred. See 15 U.S.C. § 1640(e).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Hub's complaint for the reasons stated by that court. Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Hub's motion to discipline opposing counsel is denied.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation