56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald L. JORDAN, Plaintiff-Appellant,
v.
D. MAJURIN; et al., Defendants-Appellees.
 No. 94-1958.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: KENNEDY, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Ronald L. Jordan, a pro se Michigan prisoner, appeals a judgment for the defendants in his amended civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Jordan (who is African-American) sued three Caucasian employees of Marquette Branch Prison in their individual capacities, seeking monetary damages for their actions in allegedly violating his constitutional rights to due process and equal protection. In his amended complaint, filed in December 1991, Jordan alleged that defendant Majurin filed a false misconduct report against him for racially-motivated reasons charging inciting to riot after a verbal exchange between the two in the prison yard drew a crowd of approximately ten other prisoners. He further alleged that defendants Osier and Laitinen improperly reclassified him to administrative segregation for racial reasons after his conviction on the reduced charge of creating a disturbance and that he was kept in administrative segregation for approximately nine months, also for racial reasons. Jordan also presented a due process claim for his discipline and segregation based upon the allegedly false misconduct charge and a faulty hearing process. He further claimed that his lengthy stay in segregation was so disproportionate as to violate the Eighth Amendment. Finally, Jordan alleged that his right of access to the courts was impaired when he lost three legal actions while in segregation, and that his right to free expression was violated by his punishment for the verbal exchange with Majurin.
 
 
 3
 After a long and complex procedural history, a date for trial was finally set by the district court. Prior to that date, the district court sua sponte dismissed all of Jordan's claims for lack of merit with the exception of the claims that the loss of Jordan's legal files denied him access to the courts and that Majurin charged Jordan with inciting to riot for racially-motivated reasons. The district court subsequently reinstated the equal protection claims against Osier and Laitinen relative to the initial reclassification decision, but ordered ten of Jordan's proposed witnesses struck. A jury trial was held on August 1-3, 1994, which resulted in verdicts for the defendants on the three equal protection claims; because Jordan had offered no evidence to support his access to the courts claim, it was not submitted to the jury. Judgment was entered on August 17, 1994.
 
 
 4
 On appeal, Jordan argues that the district court erred by: (1) allowing the defendants to withdraw admissions, (2) striking ten of his witnesses, (3) dismissing plaintiff's due process claim regarding his initial placement in segregation, (4) allowing improper impeachment of plaintiff and plaintiff's witnesses, (5) improperly restricting plaintiff's cross-examination of defendants' witnesses, (6) admitting irrelevant and inflammatory exhibits, and (7) denying plaintiff the opportunity to present rebuttal witnesses. He requests oral argument in his appellate brief.
 
 
 5
 Upon review, we affirm the district court's judgment because Jordan has identified no reversible error warranting a new trial.
 
 
 6
 The district court did not abuse its discretion when it allowed the defendants to withdraw admissions pursuant to Fed. R. Civ. P. 36(b). See American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991). Rule 36(b) sets forth two factors which should be considered in deciding to grant a motion to withdraw: (1) whether the presentation of the merits of the case would be served by allowing the withdrawal of the deemed admissions, and (2) whether the party that obtained the admissions will be prejudiced. See American Auto Ass'n, 930 F.2d at 1119; Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577 (11th Cir.), cert. denied, 488 U.S. 821 (1988). Consideration of both factors in this case supports the district court's decision.
 
 
 7
 Nor did the district court abuse its discretion when it struck ten names from Jordan's list of proposed witnesses. See United States v. Fountain, 768 F.2d 790, 797 (7th Cir. 1985), cert. denied, 475 U.S. 1124 (1986); Holt v. Pitts, 619 F.2d 558, 560-61 (6th Cir. 1980). All of the struck witnesses were inmates. Four were alleged eyewitnesses to the altercation in the prison yard who were offered to support Jordan's version of events. Jordan's argument that the struck witnesses might have better memories than those who were permitted to testify is speculative and unpersuasive. The other proposed witnesses were to be offered to support Jordan's claim that he remained in administrative segregation longer than he should have because of his race. However, the district court dismissed that claim prior to trial because Jordan had "not named a defendant who was personally responsible for determining plaintiff's release from segregation." These witnesses were, thus, excluded because their testimony was no longer relevant. Again, there was no error in the district court's ruling.
 
 
 8
 Jordan next argues that the district court erred in dismissing his due process claim regarding his initial placement in segregation. The district court properly dismissed this claim prior to trial because a state's violation of its own law does not implicate plaintiff's constitutional rights, see Engle v. Isaac, 456 U.S. 107, 119 (1982); Jordan had no constitutional right to remain in the general prison population, see Hewitt v. Helms, 459 U.S. 460, 468-69 (1983); and, even if it is assumed that Jordan had a state-created liberty interest in not being assigned to segregation for other than the five enumerated reasons, he received all the process to which he was due. Id. at 476. In any event, both defendants testified that they did, in fact, reassign Jordan to segregation based upon three of the five permissible reasons.
 
 
 9
 The district court did not abuse its discretion by allowing the defendants to impeach Jordan's witnesses and demonstrate reasons for bias by questioning them about their crimes of conviction and prison records. See Conklin v. Lovely, 834 F.2d 543, 551 (6th Cir. 1987). Rule 609(b) of the Federal Rules of Evidence provides that evidence of a conviction is not admissible for purposes of impeachment "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date...." (Emphasis added). There is no dispute that each of the prisoner-witnesses was still serving time for the sentence with which he was impeached. Jordan just does not accept the operation of the italicized section of the applicable rule, despite the district court's efforts to explain it to him.
 
 
 10
 Jordan further argues that the district court improperly allowed cross-examination of several of his witnesses regarding prior misconduct convictions and/or court litigation against Michigan Department of Corrections officials and employees. The district court has "very broad" discretion in determining whether the probative value of relevant evidence outweighs the danger of unfair prejudice under Fed. R. Evid. 403. See United States v. Hawkins, 969 F.2d 169, 174 (6th Cir. 1992), cert. denied, 113 S. Ct. 1021 (1993). In this case, the district court properly found that the probative value of the evidence outweighed any prejudicial effect.
 
 
 11
 Jordan next claims that the district court improperly restricted his cross-examination of defense witnesses. Beyond certain essentials of cross-examination, the district court in the exercise of its discretion can limit the right to cross-examination. Dorsey v. Parke, 872 F.2d 163, 166 (6th Cir.), cert. denied, 493 U.S. 831 (1989). The district court did not abuse its discretion in this case.
 
 
 12
 Nor did the district court abuse its discretion in the evidentiary rulings of which Jordan complains. See Cooley v. Carmike Cinemas, 25 F.3d 1325, 1330 (6th Cir. 1994). Jordan objected to the admission of certain exhibits consisting of his monthly segregation reviews, assault risk screens dated 1978 and 1982, felony convictions, misconduct reports, and prior classifications to segregation. He claimed that they were not relevant to the issues at trial, see Fed. R. Evid. 402, and that their prejudicial effect outweighed any relevancy they might have. See Fed. R. Evid. 403.
 
 
 13
 As stated above, the trial court is granted "very broad" discretion in making these determinations. Hawkins, 969 F.2d at 174. In this case, the exhibits were relevant to Jordan's claim that Osier and Laitinen placed him in segregation in violation of his equal protection rights. Further, Pennell and Osier testified that these documents were in the prisoners' files and were considered at the reviews and so the district court allowed most of them into evidence. We note that the district court did not automatically accept every exhibit the defendants offered; rather, Jordan's objections were sustained as to such items as transfer orders and his presentence investigation report. There was no prejudicial error.
 
 
 14
 Finally, Jordan argues that the district court erred by denying him the opportunity to present rebuttal witnesses. The district court's ruling on this issue is reviewed for abuse of discretion. Geders v. United States, 425 U.S. 80, 86 (1976); Benedict v. United States, 822 F.2d 1426, 1428 (6th Cir. 1987). The matters to which these rebuttal witnesses would have testified, which included inmates' dissatisfaction with established grievance procedures and whether or not they had a grudge against the defendants, were collateral and the district court did not err in its ruling.
 
 
 15
 Accordingly, the request for oral argument is denied. The district court's judgment, entered on August 17, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.