**Dorothy M. MILLER; Plaintiff–Appellant,**

**Frank Miller, Deceased, Plaintiff,**

v.

**TRANS UNION CORPORATION; Defendant,**

Bank One Corporation; Safeway Tire, Defendants–Appellees.

No. 01–3175.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

Dorothy M. Miller, an Ohio resident proceeding pro se, appeals a district court judgment dismissing her civil action filed pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681u, and Ohio law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 19, 1998, Dorothy M. Miller, and her husband, Frank Miller, filed a complaint against Trans Union Corporation, Bank One Corporation, and Safeway Tire Company. The complaint alleged that the Millers sought to purchase a vehicle from Ganley Dodge in May 1996. The Millers were unable to complete the purchase, however, because several banks had denied their application for credit due to negative information contained in their credit reports, which were furnished by Trans Union. Dorothy M. Miller's May 1996 credit report included, among others, a delinquent account with Bank One that had been written off in the amount of $2,882.00. Frank Miller's May 1996 credit report indicated that, in addition to another delinquent account, Safeway Tire had received a judgment against him in the amount of $186.00. The Millers alleged that the information contained in their credit reports, at least with respect to the Bank One and Safeway Tire accounts, was false and had been fraudulently reported to Trans Union by Bank One and Safeway Tire. The Millers sought monetary relief. Frank Miller died during the course of the proceedings below and his estate was not substituted as a party.

Bank One and Safeway Tire filed motions for summary judgment, to which the Millers, through counsel, responded. Fol-

lowing a hearing held on October 12, 2000, the district court granted Bank One and Safeway Tire's motions. The parties subsequently voluntarily dismissed the action against the remaining defendant, Trans Union. Dorothy M. Miller ("Miller") has filed a timely appeal and is now proceeding pro se. Frank Miller is not a party to this appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly granted summary judgment in favor of Bank One and Safeway Tire. *See id.* Neither Bank One nor Safeway Tire are "consumer reporting agencies" as defined by the FCRA. *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir.1988). Miller presented no evidence that Bank One and Safeway Tire regularly assembled or evaluated consumer credit information in order to furnish consumer reports to third parties. *See* 15 U.S.C. § 1681a(f). Furthermore, Miller presented no evidence that the information provided by Bank One and Safeway Tire to Trans Union was not solely based upon information contained in their own ledgers. *See* 15 U.S.C. § 1681a(d)(2)(A); *Smith*, 837 F.2d at 1578.

In addition, Miller did not establish a claim of fraud against Bank One and Safeway Tire. Miller presented no evidence that Bank One and Safeway Tire made a material, false representation of fact "with knowledge of its falsity" upon which she justifiably relied to her detriment. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir.1999)

(citing *Burr v. Bd. of County Comm'rs of Stark County*, 23 Ohio St.3d 69, 491 N.E.2d 1101, 1105 (Ohio 1986)). Instead, Miller simply relied upon her own allegations and conclusions, which are found in her complaint and deposition testimony. Miller's deposition testimony, coupled with the complete lack of any competing evidentiary material from her in response to the motions for summary judgment, *see* Fed. R.Civ.P. 56(e), make it clear that she cannot prove a claim of fraud against Bank One and Safeway Tire. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.