**T. Whitney STRICKLAND, Jr., Plaintiff,**

v.

**O.C. ALLEN, Virginia Daire, and the United States of America on behalf of the Department of the Treasury, Internal Revenue Service, Defendants.**

No. 4:01CV153/RV.

United States District Court,
N.D. Florida,
Pensacola Division.

June 23, 2003.

T. Whitney Strickland, Jr., Tallahasee, FL, pro se.

Richard Errol Johnson, Tallahasee, FL, Wendy K. Vann, Washington, DC, for defendants.

### ORDER

VINSON, Chief Judge.

Pending is Defendant United States of America's motion to withdraw admission (doc. 67). The United States of America moves to withdraw an admission it made during discovery, pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

Plaintiff Strickland, as escrow agent, filed this interpleader pursuant to Title 28, United States Code, Section 2410. The *res* of this matter is $70,000 in funds placed in escrow by Defendant Allen, which is now in the registry of this Court. There is a controversy as to how those funds are to be distributed.

In the course of discovery, Defendant Daire requested that Defendant United States of America admit the following:

PLEASE ADMIT THAT THE CLAIMS OF DEFENDANT DAIRE FOR ATTORNEY FEES AND COSTS INCURRED IN CREATING THE RES WHICH IS THE SUBJECT OF THIS INTERPLEADER ACTION TAKE PRIORITY OVER THE CLAIMS OF THE DEFENDANT U.S.A.

In response, the United States of America denied that all claimed fees and costs of Daire had priority over the claims of the United States of America, but it did admit that Daire had provided timely notice of the alleged attorney charging lien.

Now, the United States of America argues that it made this admission on the basis of a misunderstanding of the proper application of the facts to the law of perfection of attorney charging liens in Florida. The United States of America moves to withdraw this admission.

## II. *DISCUSSION*

■ Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions. District courts are given broad discretion in managing pretrial discovery matters. *Perez v. Miami–Dade County,* 297 F.3d 1255, 1263–64 (11th Cir.2002). "Once a matter is admitted, Rule 36(b) provides that it is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id.* (quoting Fed.R.Civ.P. 36(b)). Rule 36(b) allows the district court to permit "withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." [1] The Eleventh Circuit has held that this language requires district courts to apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions. *Id.* (citing *Smith v. First Nat'l Bank,* 837

F.2d 1575, 1577 (11th Cir.1988)). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*

■ Here, the United States moves to withdraw its admission that Daire had provided timely notice of the alleged attorney charging lien. The United States contends that it made this admission based upon a faulty application of the facts to the law regarding the perfection of Florida attorney charging liens. Daire does not attempt to show that this admission prejudiced her. Instead, she argues that an application of the law to the facts would show that her filing was timely and that her claims over the *res* would take priority over the claims of the United States.

The United States' admission was, at most, excusable neglect based on a faulty assumption. *See Smith, supra,* 837 F.2d at 1577 (citing *Reyes v. Vantage S.S. Co., Inc.,* 672 F.2d 556, 557–58 (5th Cir.1982); *Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1248 (9th Cir.1981)). The ascertainment of the truth and the development of the merits appear to be enhanced by allowing the United States to withdraw its admission, and by permitting the parties to present the facts as to whether Daire timely filed her attorney charging lien in a motion for summary judgment. Furthermore, Daire has not shown the required prejudice in order to justify the denial of the motion to withdraw. Instead, Daire demonstrates in her response that she is prepared to argue that her attorney charging lien was timely filed by the facts of the case, notwithstanding the admission of the United States.[2] As the United States has satisfied both requirements of Rule 36(b), the

1. "Rule 36(b) emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1577–78 (11th Cir.1988) (quoting Fed.R.Civ.P. 36 advisory

committee's notes) (internal quotation marks omitted).

2. In fact, Daire combines her response to the motion to withdraw with her response to the motion for summary judgment, and argues that her filing was timely under the facts of the case.

motion must be granted.[3]

## III. *CONCLUSION*

For the foregoing reasons, defendant's motion to withdraw admission (doc. 67) is GRANTED. The admission by the United States that defendant Daire provided timely notice of the attorney charging lien is hereby WITHDRAWN.

---

**3.** The United States has indicated that it would not oppose reopening discovery on this limited issue. If Daire would like to reopen discovery, then this Court will certainly entertain such a motion.