[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11364
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01957-CV-WSD-1

STEPHEN T. CHIPKA,
HEATHER D. CHIPKA,

Plaintiffs-Appellants
Cross-Appellees,

versus

BANK OF AMERICA, NATIONAL ASSOCIATION,

Defendant-Appellee
Cross-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 8, 2009)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Stephen and Heather Chipka, proceeding pro se, appeal the district court's

grant of summary judgment in favor of their home mortgage servicer, Bank of

America, National Association ("BoA"), on their claims under the Real Estate

Settlement Procedures Act ("RESPA") , 12 U.S.C. § 2605(e)(1) and 2605(e)(2),

and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b), 1681i(c), and

1681o.[1]  BoA cross-appeals the district court's dismissal without prejudice of the

Chipkas' remaining state law claims for breach of contract, breach of the implied

duty of good faith, and negligence.[2]  We consider the Chipkas challenges to the

district court's RESPA and FCRA rulings in order, then address BoA's appeal.

I.

The Chipkas contend that BoA are liable under ESPA because it failed to

acknowledge or properly respond to their qualified written requests concerning the

servicing of their mortgage.[3]  RESPA prescribes certain actions to be followed by

---

[1]  In addition to challenging the district court's disposition of their RESPA and FCRA claims, the Chipkas argue that the court mismanaged the case, suggesting, among other things, that the court was biased against pro se litigants like themselves.  Their initial brief fails, however, to develop the argument.  We therefore treat it as abandoned.

[2]  We review de novo a district court's grant of summary judgment, considering all evidence and drawing all reasonable inferences therefrom in the light most favorable to the non-moving party.  Galvez v. Bruce, 552 F.3d 1238, 1241 (11th Cir. 2008).  We review for abuse of discretion a district court's refusal to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 after dismissing the federal question claim(s) from the case.  See generally 36 C.J.S. Federal Courts § 16.

[3]  The Chipkas also claim that BoA violated 12 § 2605(e)(3) of RESPA by reporting derogatory information regarding to a credit reporting agency within 60 days of receipt of their

entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquires. See 12 U.S.C. § 2605. Pursuant to § 2605(e), a loan servicer, upon receipt of a qualified written request, must provide "a written response acknowledging receipt of the correspondence" within 20 business days. Id. § 2605(e)(1)(A). RESPA further requires that, within 60 business days of receipt of a qualified written request, the servicer must either: (1) make appropriate corrections in the account of the borrower and transmit a written notification of such correction; (2) after conducting an investigation, provide the borrower with a written explanation that includes a statement of the reasons for which the servicer believes the account is correct, and the name and telephone number of an employee or department that can provide further assistance; or (3) after conducting an investigation, provide the borrower with a written explanation that includes the information requested by the borrower or an explanation of why the information requested is unavailable, along with the name and telephone number of an employee or department that can provide further assistance. Id. § 2605(e)(2).

We hold that the district court properly concluded that BoA complied with its statutory obligations under §§ 2605(e)(1) and 2605(e)(2). In accordance with

---

requests. They did not present this claim to the district court. We therefore do not consider it. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1329-31 (11th Cir 2004).

the former provision, BoA acknowledged receipt of the Chipkas' qualified written requests within the applicable 20-day response period. Moreover, pursuant to § 2605(e)(2), BoA provided the Chipkas with a written explanation of why it believed that their loan was correctly serviced and transmitted the name and telephone number of an employee who could provide them with further assistance. In sum, the court properly granted BoA summary judgment on the Chipkas' RESPA claims.

II.

For the first time on appeal, the Chipkas argue that BoA violated its obligations under 15 U.S.C. § 1681s-2(a) as a furnisher of credit information by knowingly disseminating and failing to correct inaccurate credit information transmitted to consumer reporting agencies.

In general, the FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To achieve its purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies.

4

See id. §§ 1681b, 1681m, and 1681s-2. Among other statutory responsibilities, consumer reporting agencies must follow reasonable procedures to assure the accuracy of information contained in consumer reports, note the existence of any non-frivolous disputes concerning information in a consumer report, and delete or correct any information disputed by a consumer that is found to be inaccurate and promptly notify the furnisher of that information of such corrective action. Id. §§ 1681e(b), 1681i(c), 1681i(a)(5). The Act defines a "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties . . . ." Id. § 1681a(f). The statutory definition, however, excludes those that solely report information "as to transactions or experiences between the consumer and the person making the report." Id. § 1681a(d)(2)(A)(i); see also Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir. 1998) (holding that a bank reporting information solely on its own experience with one of its customers was not acting as a "consumer reporting agency" within the meaning of the FCRA). Civil liability may be imposed on consumer reporting agencies who willfully or negligently violate the FCRA. 15 U.S.C. §§ 1681n and 1681o.

Pursuant to § 1681s-2, the FCRA also imposes certain responsibilities on

persons who furnish information to consumer reporting agencies. Id. § 1681s-2.

Under subsection (a), persons may not knowingly furnish inaccurate information to

a consumer reporting agency, must correct any such furnished information, and

must notify a consumer reporting agency when any information is disputed by a

consumer. Id. § 1681s-2(a)(1)-(3). In accordance with subsection (b), furnishers

of consumer credit information must also verify the sufficiency and accuracy of the

information when notified by a consumer reporting agency of a credit-report

dispute. Id. § 1681s-2(b); see also id. § 1681i(a)(2). Congress, however, expressly

reserved enforcement of subsection (a) to governmental agencies and officials,

thereby limiting a consumer's private cause of action against a furnisher of credit

information to violations of § 1681s-2(b). Id. § 1681s-2(c)-(d).

In their counseled complaint,[4] the Chipkas specifically alleged that BoA

violated §§ 1681e(b), 1681i(c), and 1681o of the FCRA by disseminating and

subsequently failing to correct inaccurate and false information regarding their

credit history. Although the district court determined that BoA could not be held

civilly liable under those specific provisions because it does not constitute a

"consumer reporting agency" within the meaning of the Act, the Chipkas do not

---

[4] The Chipkas were represented by retained counsel at the time their complaint was filed. Counsel withdrew, and the Chipkas proceeded pro se, prior to the district court's disposition of the parties motions for summary judgment.

challenge the court's determination, but rather, invoke distinct statutory provisions regulating the conduct of those who furnish credit information to such agencies. Because the Chipkas currently rely on statutory provisions that were neither raised nor addressed by the district court, and because the court was not obligated to liberally construe their counseled complaint, the FCRA claims raised on appeal are deemed forfeited. Moreover, as the Chipkas fail to address the FCRA claims actually presented to the district court, those claims are abandoned. We accordingly affirm the court's grant of summary judgment on the Chipkas' FCRA claims.

## III.

On cross-appeal, BoA argues that the district court erred in denying its motion for summary judgment as to the Chipkas's remaining state law claims. The BoA apparently overlooks the fact that the court declined to exercise supplemental jurisdiction over the Chipkas's state law claims, dismissing them without prejudice. It was within the court's discretion to do this. The state law claims are not before us.

We find no merit in the Chipkas's appeal and BoA's cross appeal. The district court's judgment is therefore

AFFIRMED.